(37 Misc. Rep. 290.)

### HANSEN et al. v. HACKMAN et al.

(Supreme Court, Special Term, New York County. February, 1902.)

BUILDING CONTRACT—ABANDONMENT—RIGHTS OF OWNER.

The owner of a building, on failure of the contractors to substantially complete its erection, and on their abandonment on his consequent refusal to pay an installment of the contract price, may complete it, and hold the contractors for the necessary expense.

Action by Peter Hansen and others against Mary F. Hackman and others to foreclose a mechanic's lien. Complaint dismissed, and judgment for defendants on counterclaim.

Harold C. Knoeppel (William R. Keese, of counsel), for plaintiffs.
Nathan, Leventritt & Perham, for defendants.

FITZGERALD, J. This is an action to foreclose a mechanic's lien filed against the premises situated at No. 1138 Washington avenue. By the terms of their contract plaintiffs agreed to erect a building according to certain drawings and specifications, and complete the same on or before October 15, 1899. The price stipulated to be paid therefor was $2,425. Payment was to be made in three installments. Only one installment has been paid. On October 26th the second was demanded and refused, and the determination of this action depends upon the question as to whether or not this refusal was justified. The language of the agreement providing for this second installment is that it was to be paid "when the house has been moved, the basement built and underpinned, the side piazza built, front piazza repaired, old stairs taken down and put up, new strings, steps, and risers put up, stubbing set, and house ready for plastering," and, further, when a certificate should be obtained from the architect. Defendants undertook by their answer to justify their action upon the ground of plaintiffs' failure to comply with the terms of the contract. Many delinquencies on plaintiffs' part were established upon the trial, among the most notable of which were furnishing an inferior quality of lumber; the unworkmanlike and unsafe construction of the stairways, which were actually allowed to depend for their support at the base upon a structure made of soap boxes; poor plastering, the apprehended falling of which was a constant menace to safety; the failure to furnish new lathing; the poor quality of the brick used, and the faulty manner of laying them; the unworkmanlike and destructive process resorted to for the removal of the old house, which was appropriately described as "a seesaw method." Additionally, it may be said the architect's certificate was not procured. Upon refusal of this installment plaintiffs abandoned the work, and subsequently were notified by letter that, unless they proceeded with their contract in accordance with its terms, defendants would procure others to finish the job. After a second written notification, to which no attention was paid, defendants, on or about November 16th, entered into a contract with another builder to complete the work, and agreed to pay therefor $1,838. It is established by the evidence that the total outlay of defendants upon the house up to the time of the trial was $2,357.86, and that the fair and reasonable value of the work then remaining unfinished, necessary to complete the building, was $238, making a total of $2,595.56. If the amount of plaintiffs' contract is deducted from this sum, the balance in favor of the defendants is $170.56. This amount represents the payments made in excess of the price fixed by plaintiffs' contract, and which defendants were forced to expend in consequence of plaintiffs' default. I have examined the cases cited in plaintiffs' brief, but they have no bearing upon this case, as they are all based upon the doctrine of substantial performance, and to argue that there was substantial performance in the case at bar is to contend against proven facts. It cannot be claimed that an installment is due except the let-

ter of the agreement is complied with, and, the plaintiffs being in default, the right accrued to defendants to complete the work and hold plaintiffs for the necessary outlay. Fox v. Clark (Sup.) 60 N. Y. Supp. 237. Complaint dismissed, with costs, and judgment for defendants on their counterclaim in accordance with the above.

Complaint dismissed, with costs, and judgment for defendants on their counterclaim.